UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LARRY HOBSON and LORI HOBSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:11CV00010 AGF |
| ) | |
| WELLS FARGO HOME MORTGAGE, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant Wells Fargo Home Mortgage ("Wells Fargo") to dismiss Plaintiffs Larry and Lori Hobson's pro se complaint for failure to state a claim upon which relief can be granted. Plaintiffs have not responded to the motion. For the reasons set forth below, the motion to dismiss shall be granted.

### BACKGROUND

The record establishes that on February 28, 2007, Plaintiffs, husband and wife, obtained a loan from Wells Fargo's predecessor in interest (hereinafter referred to as "Wells Fargo"), for $102,750 to purchase a home in Hannibal, Missouri. Larry Hobson executed a promissory note in the amount of the loan, and both Plaintiffs executed a Deed of Trust on the property to secure the note. The Deed of Trust gives Wells Fargo the

right to invoke the "power of sale" in the event of a default by Plaintiffs.[1]

On November 8, 2010, Plaintiffs mailed Wells Fargo a letter disputing the "validity of the 'balance owed' and the 'demand for payment' as indicated by the statements sent by Wells Fargo." On the same day, Plaintiffs mailed Wells Fargo a second letter seeking information and documents, including evidence of "the original unaltered uncertificated or certificated security" regarding their account. Wells Fargo did not respond to either letter. Wells Fargo scheduled a non-judicial foreclosure sale of the property for January 13, 2011.

On January 10, 2011, Plaintiffs filed a complaint entitled, "Complaint for Wrongful Disclosure." Plaintiffs allege therein that Wells Fargo "cannot produce an unaltered mortgage note" which contains a power of sale clause, and assert that as there is no contract in evidence, Wells Fargo does not have the right to sell the property in a non-judicial foreclosure process. Plaintiffs state that their first letter to Wells Fargo asserted their rights under the Fair Credit Billing Act and the Fair Debt Collection Practices Act, and that their second letter was a "qualified written request" under the Real Estate Settlement Procedures Act ("RESPA"). Plaintiffs contend that Wells Fargo's failure to respond to the letters and produce a "wet ink" promissory note, amounted to an admission that Wells Fargo committed fraud and an agreement that Wells Fargo had no contractual

---

[1] Copies of the note and Deed of Trust have been provided by Wells Fargo and are properly considered in connection with the motion to dismiss. *See, e.g., Kulovic v. Home Loans Servicing, L.P.*, No. 4:10–CV–2058 CAS, 2011 WL 1483374, at *12 (E.D. Mo. April 19, 2011).

relationship with Plaintiffs, thereby affording Plaintiffs the right of rescission, cancelling Wells Fargo's security interest in the property, as well as entitling them to damages. They allege that Wells Fargo violated numerous other federal laws, including "SEC laws," the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the Truth in Lending Act ("TILA"). Plaintiffs ask that the Court enter an order denying Wells Fargo's right to foreclose on the property, and any other relief to which they are entitled, including litigation costs.

Wells Fargo argues that none of Plaintiffs' claims are substantiated by facts that would allow the Court to draw a reasonable inference that Plaintiffs are entitled to the relief sought. As noted above, Plaintiffs have not responded to the motion to dismiss.

## DISCUSSION

### Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but the allegations must nonetheless "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint "strikes a savvy judge that actual proof of the facts alleged is improbable" and recovery "very remote and unlikely." *Hamilton v. Palm*, 621 F.3d 816, 819 (8th Cir. 2010) (quoting another source). This, however, requires more than mere "labels and conclusions," and

the complaint must state a claim that is "plausible on its face." *Twombly*, at 570.

**<u>Wrongful Foreclosure</u>**

Plaintiffs' claim of wrongful foreclosure appears to rely on the "show me the note" theory, which posits that "only the holder of an original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Sundell-Bahrd v. Tiffany & Bosco, P.A.*, No. CV 10-8096-PCT-MHM, 2010 WL 2595083, at *1 (D. Ariz. June 24, 2010). This theory has been uniformly rejected by courts around the country. *See, e.g.*, *Salmon v. Bank of Am. Corp.*, No. CV–10–446–RMP, 2011 WL 2174554, at *6 (E.D. Wash. May 25, 2011); *Stein v. Chase Home Fin., LLC*, No. 09-1995 (MJD/JJG), 2010 WL 4736828, at *3 (D. Minn. Aug. 13, 2010). Plaintiffs have cited no contradictory authority.

Under Missouri law, non-judicial foreclosure is a contractual right established by a power of sale clause in a deed of trust. *Mildfelt v. Cir. Ct. of Jackson Cnty., Mo.*, 827 F.2d 343, 346 (8th Cir. 1987). Here, Plaintiffs have not disputed that there was a default on their part. Thus, the Court concludes that Plaintiffs do not present a cognizable theory upon which the Court can issue an order denying Wells Fargo's right to foreclose. *See Kulovic*, 2011 WL 1483374, at *10.

**<u>Fraud</u>**

The word "fraud" appears throughout Plaintiffs' complaint. To state a claim of fraud under Missouri law, a plaintiff must plead facts that support each of the following elements: (1) a false, material representation; (2) the speaker's knowledge of the falsity of

4

the representation, or his ignorance of its truth; (3) the speaker's intent that the hearer act upon the misrepresentation in a manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the misrepresentation; (5) the hearer's reliance on the truth of the representation; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury. *Id.*, 2011 WL 1483374, at *12-13.

Plaintiffs' allegation of fraud appears to revolve around Wells Fargo's alleged failure to produce the original promissory note. However, Plaintiffs fail to specify who made a misrepresentation, the nature of the misrepresentation, or how they relied on the misrepresentation to their detriment. Thus the Court shall dismiss Plaintiffs' claims of fraud. *See id.; McKay v. GMAC Mortg., LLC*, No. 4:10CV507 CDP, 2010 WL 2518590, at *2 (E.D. Mo. June 14, 2010).

**The Real Estate Settlement Procedures Act ("RESPA")**

RESPA provides that a servicer of a federally-related mortgage loan that receives a "qualified written request" from a borrower must respond to the request with appropriate information within 60 business days. 12 U.S.C. § 2605(e)(2). A servicer's noncompliance with § 2605(e) entitles a borrower to recover "any actual damages to the borrower as a result of the failure." *Id.* § 2605(f)(1). A "plaintiff who alleges a breach of § 2605 without alleging damages fails to state a cause of action." *McWilliams v. Chase Home Fin., LLC*, No. 4:09CV609 RWS, 2010 WL 1817783, at *4 (E.D. Mo. May 4, 2010). Here, to the extent the Court can decipher the complaint, Plaintiffs have not explained how they suffered any actual damages as a result of Wells Fargo's alleged

5

failure to respond to their allegedly qualified written response. Thus, Plaintiffs have failed to state a claim for relief under RESPA.

**The Truth In Lending Act ("TILA")**

Although Plaintiffs fail to direct the Court to a specific section of TILA, it appears they are attempting to assert their right of rescission under 15 U.S.C. § 1635. When a loan is secured by the consumer's primary residence, TILA requires that the creditor "clearly and conspicuously disclose . . . to any obligor" his right "to rescind the transaction until midnight of the third business day following consummation of the transaction or the delivery of the information and rescission forms required under this section . . . . " 15 U.S.C. § 1635(a); *see also Rand Corp. v. Yer Song Moua*, 559 F.3d 842, 846 (8th Cir. 2009). When a creditor fails to comply with the disclosure provisions of the statute, the debtor has a right to rescind for up to three years following the transaction. *Id.* Plaintiffs completed their transaction with Wells Fargo in February 2007, so even if Wells Fargo failed to comply with the disclosure provisions of TILA, Plaintiffs' right to rescind expired in February 2010. Thus, assuming Plaintiffs' letters to Wells Fargo in November 2010 invoked their right to rescind under TILA, this right had already expired.

To the extent that Plaintiffs are asserting a claim under 15 U.S.C. § 1640, which provides a cause of action for creditors who fail to comply with the disclosure requirements of § 1640(a), such a claim had to be filed within one year of the violation. *See Kramer v. Am.'s Wholesale Lenders*, No. 4:10cv0156 TCM, 2011 WL 577390, at *3

(E.D. Mo. Feb. 9, 2011). A "violation 'occurs' when the transaction is consummated." *Id.* A violation of TILA's disclosure requirements is not a continuing violation for purposes of the statute of limitation. *Id.* Here, Plaintiffs consummated the transaction with Wells Fargo in March 2007, so their window to file a cause of action under this section of TILA closed in March 2008. Thus, the Court must dismiss Plaintiffs' claims under TILA.

**The Fair Credit Billing Act ("FCBA")**

Plaintiffs' complaint also makes vague reference to the FCBA. The FCBA amended TILA for the purpose of protecting the consumer against unfair and inaccurate credit billing and credit card practices. *Crestar Bank, N.A. v. Cheevers*, 744 A.2d 1043, 1047 (D.C. Cir. 2000). Courts have found that the FCBA only applies to open end credit plans. *See, e.g.*, *Rhodes v. Whole Foods Mkt., Inc.*, No. SA-07-CV-0641 FB (NN), 2007 WL 3256236, at *2 (W.D. Tex. Nov. 5, 2007).

An open end credit plan means a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. *Jeffries v. Dutton & Dutton, P.C.*, No. 05 C 4249, 2006 WL 1343629, at *6 (N.D. Ill. May 11, 2006) (citing 15 U.S.C. § 1602(I)). Plaintiffs' complaint contains no allegation that they reasonably contemplated repeated transactions with Wells Fargo beyond the home loan noted above. Thus, the complaint fails to state a claim under the FCBA. *See id.* ("[B]ecause Plaintiff's home loan is not an open-end

credit plan, his claim related to billing errors under the FCBA must be dismissed.").

**The Fair Debt Collection Practices Act ("FDCPA")**

Plaintiffs also refer to the FDCPA. This statute prohibits debt collectors from employing harassing, false, deceptive, misleading, or otherwise unfair or unconscionable means to collect debt. *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1054 (8th Cir. 2002). An entity "attempting to collect its own debt is not a 'debt collector' under the FDCPA." *Wilson v. Bank of Am. Corp., N.A.*, No. 4:10-CV-512 CAS, 2010 WL 3843781, at *4 (E.D. Mo. Sept. 27, 2010). Because Plaintiffs fail to provide any basis to find that Wells Fargo is a debt collector under the FDCPA, the Court must dismiss their claim under this statute.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiffs' complaint is **GRANTED**. [Doc. #8]

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

An appropriate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of August, 2011.